PER CURIAM.
In the first appearance of this case here [1], we sent it back to the Board of Governors for further proceedings and the furnishing of an appropriate record in accordance with the Integration Rule.
 There has now been filed in this Court a judgment of the Board of Governors accepting the resignation of the respondent, Glen E. Summers, as a member of The Florida Bar without leave for reinstatement at any future time and an appropriate record. The petition of the respondent to resign is a part of the record before us. It contains the specific provision over the signature of respondent that if such resignation be accepted “it be without leave to hereafter apply for reinstatement at any time.” The referee found — and we agree — that “the acceptance and granting of the petition for leave to resign without leave to seek reinstatement in the future will not adversely affect the public interest. Neither will it adversely affect the purity of the Courts nor hinder the administration of justice. The confidence of the public in the legal profession will not be adversely affected.” *613 Application of Harper, Fla., 84 So.2d 700, 54 A.L.R.2d 1272. Respondent has filed no application for review within the time fixed by the Integration Rule, whereupon it is
Ordered and adjudged that the petition to resign from The Florida Bar of the respondent, Glen E. Summers, without leave to apply for reinstatement at any time be and the same is hereby accepted and the name of the said Glen E. Summers be and it is hereby stricken from the roll of attorneys of The Florida Bar.
It is further ordered that The Florida Bar have and recover of, the respondent, Glen E. Summers, the sum of $116.80, costs expended herein for which let execution issue.
CALDWELL, C. J., and DREW, THORNAL, ERVIN and ADAMS, JJ., concur.

. The Fla. Bar v. Summers, Fla., 197 S.o.2d 291.